# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: January 25, 2024

```
* * * * * * * * * * * * *   *
MARIA AMBRIZ as representative of   *
ESTATE OF STEPHANIE DELAPAZ,   *        No. 15-502V
                               *        Special Master Sanders
               Petitioner,     *
                               *        UNPUBLISHED
v.                             *
                               *
SECRETARY OF HEALTH            *        Attorneys' Fees and Costs
AND HUMAN SERVICES,            *
                               *
               Respondent.     *
* * * * * * * * * * * * *   *
```

*Sean F. Greenwood,* The Greenwood Law Firm, Houston, TX, for Petitioner;
*Steven Santayana*, United States Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On May 15, 2015, Stephanie Delapaz ("Ms. Delapaz") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] Pet. at 1, ECF No. 1; 42 U.S.C. §§ 300aa-1 to -34 (2012). During the pendency of this case, Ms. Delapaz passed away and the caption was updated to reflect her mother, Maria Ambriz, acting as representative of the estate of Stephanie Delapaz, as the petitioner. Petitioner alleged that the human papillomavirus ("HPV" or "Gardasil") vaccine Ms. Delapaz received on May 15, 2012, caused her to suffer from "autonomic neurocardiogenic syncope with dysautonomia" and "migraine-like headaches." Pet. at 7.

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

Following an entitlement hearing and briefing, on February 27, 2023, the undersigned issued her decision dismissing the petition for insufficient proof. (ECF No. 134).

On May 11, 2023, Petitioner filed a motion for attorneys' fees and costs. ("Fees App.") (ECF No. 138). Petitioner requests total attorneys' fees and costs in the amount of $101,200.82, representing $89,412.50 in attorneys' fees and $11,788.32 in attorneys' costs.[3] (ECF No. 139 at 21). Pursuant to General Order No. 9, Petitioner has indicated that no personal costs were incurred in pursuit of this claim. (ECF No. 137 Ex. 1). Respondent responded to the motion on May 12, 2023, stating that Respondent "is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp't's Resp. at 2 (ECF No. 140). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

I.      **Reasonable Attorneys' Fees and Costs**

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, the undersigned previously found the claim satisfied good faith and reasonable basis when awarding interim attorneys' fees and costs, and the work Petitioner now seeks reimbursement for also meets that criterion. Accordingly, Petitioner is entitled to a final award of reasonable attorneys' fees and costs.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" Saxton, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

---

[3] Petitioner was previously awarded interim attorneys' fees and costs of $47,780.00 on April 28, 2022 (ECF No. 118).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### a. Hourly Rate

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules can be accessed online.[4]

Petitioner requests the following hourly rates for the work of her counsel at The Greenwood Law Firm; for Mr. Sean Greenwood, the rate of $425.00 per hour for work performed in 2021, $470.00 per hour for work performed in 2022, and $495.00 per hour for work performed in 2023; for Ms. Anna Carruth the rate of $180.00 per hour for work performed in 2021; and for Ms. Janell Ochoa, the rate of $180.00 per hour for work performed in 2021 and the rate of $200.00 per hour for work performed in 2022 and 2023. These rates are consistent with what counsel have previously been awarded for their Vaccine Program work and the undersigned finds them to be reasonable herein.

### b. Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera,* 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton,* 3 F.3d at 1521 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)).

Upon review, the undersigned finds the overall hours billed to be reasonable. Counsel has provided sufficiently detailed descriptions for the tasks performed, and upon review, the undersigned does not find any of the billing entries to be unreasonable. Accordingly, Petitioner is entitled to final attorneys' fees in the amount of $89,412.50.

### c. Attorney Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioners request a total of $11,788.32 in attorneys' costs, comprised work performed by a medical expert, Dr. Svetlana Blitshteyn. Dr. Blitshteyn requests the rate of $400.00 per hour and the rate of $600.00

---

[4] The OSM Fee Schedules are available at: http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

per hour for her testimony at the entitlement hearing.[5] The hourly rate of $400.00 per hour has been previously awarded and shall be awarded herein. *See K.B.H. v. Sec'y of Health & Human Servs,* No. 17-1739, 2021 WL 1344029 (Fed. Cl. Spec. Mstr. Jan. 8, 2021). However, the requested rate of $600.00 exceeds what would be awarded to an expert in the Vaccine Program. The undersigned finds it reasonable to reduce the rate of $600.00 per hour to the previously awarded rate of $400.00 per hour. Application of this rate results in a reduction of $2,150.00.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. §15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, other than the reductions delineated above, is reasonable. Based on the above analysis, the undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $89,412.50 |
| (Reduction to Fees) | - |
| **Total Attorneys' Fees Awarded** | **$89,412.50** |
| | |
| Attorneys' Costs Requested | $11,750.00 |
| (Reduction of Costs) | - ($2,150.00) |
| **Total Attorneys' Costs Awarded** | **$9,600.00** |
| | |
| **Total Attorneys' Fees and Costs** | **$99,012.50** |

**Accordingly, the undersigned awards a lump sum in the amount of $99,012.50, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and her counsel, Mr. Sean Greenwood.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[6]

**IT IS SO ORDERED**.

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[5] Dr. Blitshteyn billed 10.75 hours at the rate of $600.00 per hour.

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.